## Grossfeld & Roe Company, Defendant in Error, v. Emanuel Zuckerman, Plaintiff in Error.

### Gen. No. 19,756.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed March 23, 1915. Rehearing denied April 8, 1915.

## Statement of the Case.

Action commenced August 8, 1911, by Grossfeld & Roe Company, a corporation, plaintiff, against Emanuel Zuckerman, defendant, for money due upon an instrument in writing.

The instrument is in part as follows:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"Chicago, March 14, 1903.
The Grossfeld & Roe Co.,
Chicago.
Gentlemen:

I hereby confess that I have in the past several months made collections from various customers that I have not turned over. I will, to the best of my knowledge, give you below the names and amounts of the various people that I have collected from, asking your kind indulgence in giving me one more chance to make a man of myself and again gain your valued confidence. *I will try my utmost to repay* and be a valuable man to your house if given this one chance.

Again begging you for your kind indulgence, I remain,

Sincerely yours,
EMANUEL ZUCKERMAN."

Below the signature are given the names of twenty-nine persons and opposite each name there is written certain figures, and underneath the column of figures is written the total sum, "$1,689.60," and underneath this total sum is again "Emanuel Zuckerman." It is further alleged in the statement of claim in which the instrument is set out that "said writing was given to evidence an indebtedness created by the false embezzlement, misappropriation and defalcation of the said Zuckerman while acting in a fiduciary capacity, to-wit: as agent and collector in the employ of the plaintiff."

In a second count plaintiff claimed an additional sum of $316.09.

On August 28, 1911, on motion of defendant, the court ordered that the plaintiff file an amended statement of claim within ten days, and that defendant file an affidavit of merits within ten days thereafter. On September 13, 1911, plaintiff moved that this order be vacated and set aside, and the court ordered that said motion be entered, to be taken up on notice. On January 13, 1912, the court overruled plaintiff's motion,

but ordered that "leave be given to plaintiff to file an *amended second count* to statement of claim within thirty days," and that defendant file an affidavit of merits thereto within thirty days thereafter. Plaintiff never filed an amended second count, nor made any attempt at the trial to sustain by proof its said additional claim of $316.09. Before the time had expired for plaintiff to file said amended second count, defendant filed an affidavit of merits, in which he alleged: (1) That plaintiff's cause of action as stated in its statement of claim did not accrue to the plaintiff within five years before the commencement of the action; and (2) that "when the paper, a copy of which is set out in the plaintiff's statement of claim, *was signed,*" he was in plaintiff's office and was falsely charged by representatives of plaintiff with having embezzled money from plaintiff and threatened with arrest unless he signed the paper; that he was there promised by plaintiff's representatives that upon an accounting being had he would be credited with certain commissions, to which he was entitled, but that no accounting was ever had, and that "at the time of the signing of the said paper" he was in fact not indebted to plaintiff in any sum whatsoever.

On February 5, 1913, defendant filed an amended affidavit of merits in which he made the same allegations as in his original affidavit of merits, and further alleged, by way of set-off to plaintiff's claim, that there was due him from plaintiff, a balance for commissions earned by him from May 1, 1901, to March 14, 1903, and that from March 14, 1903, until June 17, 1903, he rendered services for plaintiff and was entitled to receive therefor a sum in excess of $1,000, but that during said time plaintiff deducted and kept from his weekly advancements the sum of $140, and also kept the advancement of $40 due defendant for the last week of his employment, as well as all of defendant's commissions, amounting for the last named period to a

sum in excess of $1,000, and that there was due defendant from plaintiff, at the time of the commencement of this suit, a sum in excess of $3,000, over and above any claim of plaintiff.  And defendant further alleged, in substance, that while he was not in fact guilty of any embezzlement, *yet he signed the paper*, not for the reason that he was indebted to plaintiff, but because of the threats on the part of plaintiff's representatives to arrest him, and that thereafter plaintiff refused to credit him with the commissions due him, and proceeded to prosecute him criminally for embezzlement, relying on said writing to procure defendant's conviction, which conviction plaintiff unjustly procured.  To this amended affidavit of merits plaintiff filed a replication, alleging that the several items of set-off therein claimed by defendant did not accrue within five years, etc.

On the trial defendant was called as a witness for plaintiff under section 33 of the Municipal Court Act (J. & A. ¶ 3345), and he admitted that he signed and swore to the amended affidavit of merits filed in the cause.  A copy of the instrument in writing was introduced in evidence, it appearing that the original thereof had been lost since the time it was introduced in evidence on the trial of the case of *People v. Zuckerman* in the Criminal Court of Cook county in the year 1904.  The defendant was the only witness called in his behalf and gave certain testimony regarding his alleged claim of set-off, but practically all of his testimony relative thereto was subsequently stricken from the record by the court, with the exception of that tending to show that during the fourteen weeks he remained in plaintiff's employ after March 14, 1903, certain deductions were made from his salary, amounting in all to about $180, under an agreement between the parties that the deductions should be applied as a credit on said sum of $1,689.60.  The plaintiff in rebuttal offered testimony tending to show that no such

deductions or agreement were made, and the court finally gave to the jury the following instructions:

"The jury are instructed that the only question for you to decide is whether or not subsequent to March 14, 1903, any deductions were made from the defendant's salary which were by agreement between the parties to be applied upon defendant's indebtedness to plaintiff, admitted by writing of March 14, 1903; that if you believe from the evidence that there was no agreement that deductions should so apply, your verdict should be for the sum of $2,523.93, but at all events your verdict should be for $2,223.93."

During the trial, at the request of attorney for defendant, it was stipulated that the Supreme Court opinion (*Zuckerman v. People,* 213 Ill. 114) might be introduced and read as a part of the evidence in the cause. From this opinion it appears that a jury had found Zuckerman guilty of larceny by embezzlement and found the amount taken to be $285.09; that he was sentenced by the Criminal Court of Cook county in accordance with the verdict, and that in December, 1904, the Supreme Court affirmed the judgment of said Criminal Court. Other facts, as disclosed from said opinion, are as follows:

"The plaintiff in error was employed by the Grossfeld & Roe Company, a corporation engaged in selling groceries at wholesale in Chicago, as an outside salesman, taking orders and collecting money from customers. He made collections from various customers which he did not account for or turn over to his employer, and on March 14, 1903, he furnished to the officers of the corporation a list of such customers and the amounts collected from them, aggregating $1,689.60, and signed two written statements confessing that he had collected said sums from customers of the corporation without accounting for them or paying the same over after demand and without the knowledge of the corporation. He was continued in the employ of the corporation afterward and collected from customers and retained other sums up to June 17, 1903, when he

told the officers of the corporation that he had collected money amounting to about $300 which he had not turned over. He was then arrested and was subsequently indicted for larceny and embezzlement. On his trial under the indictment he admitted the collection of $316.09, specified in sundry receipts, which he had not paid to his employer. The only controversy as to matter of fact was whether he was authorized by his contract of employment to retain the sums of money collected and not turned over.''

To reverse a judgment for $2,223.93 rendered against him, defendant prosecutes this writ of error.

JONAS O. HOOVER, for plaintiff in error.

J. G. GROSSBERG, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient to support judgment.* In an action in the Municipal Court of Chicago, plaintiff's statement of claim consisted of two counts, claiming two distinct indebtednesses. On motion of defendant, plaintiff was ordered to file an amended statement of claim, but the record did not show that the first count of the statement was stricken from the record. By a later order, plaintiff was given leave to file an amended second count to its statement of claim, but never did so. Before the time had expired in which plaintiff might file it, defendant filed an affidavit of merits and later filed an amended affidavit of merits to said first count. It was *held* that the statement of claim was not stricken from the record and by filing its affidavit of merits, defendant joined issue on the first count.

2. EVIDENCE, § 289*—*when sufficient to show execution of instrument.* In an action on a written instrument, where defendant, in his original and amended affidavits, signed and sworn to by him, admits that he signed the instrument and likewise admits on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

trial that he signed it, the fact of his having signed it is sufficiently shown.

3. LIMITATION OF ACTIONS, § 11*—*when writing an evidence of indebtedness to which ten-year limitation applicable.* An instrument in writing addressed to one party and signed by another wherein the signer, in substance, acknowledges that he, during several preceding months, collected various sums of money, aggregating a named amount, belonging to the addressee which he had not turned over to the addressee and wherein the signer also states that "he will try his utmost to repay," is an evidence of indebtedness in writing to which the ten-year limitation provided by section 16 of the Limitations Act (J. & A. ¶ 7211) applies.

4. LIMITATION OF ACTIONS, § 19*—*when claim of set-off on written evidence of indebtedness barred.* In an action on a written evidence of indebtedness commenced more than five years after its date, set-offs to which defendant claims to have been entitled at the date the instrument was executed are barred.

5. EVIDENCE, § 319*—*when parol evidence inadmissible to contradict and vary written instrument.* In an action on a written instrument of indebtedness, evidence of defendant that he was entitled to have set off certain commissions earned before the date of the instrument are inadmissible.