**John W. Ruettinger et al., Appellants, v. Alexander S. Schulman, Appellee.**

**Gen. No. 39,716.**

286

Opinion filed January 10, 1938. Rehearing denied January 24, 1938.

J. MILTON GUY, JR., of Chicago, for appellants; CARLTON L. FISCHER, of Chicago, of counsel.

CHARLES P. SCHWARTZ and MILTON M. ADELMAN, of Chicago, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff John W. Ruettinger, administrator, brought suit alleging an indebtedness of defendant in the sum of $5,300, evidenced by a written memorandum; upon trial, at the conclusion of plaintiff's case, the court instructed the jury that as a matter of law plaintiff had not made out a case and instructed a verdict for defendant. Plaintiff appeals from the judgment on the verdict.

The written memorandum is as follows:

"Chicago, Ills. Dec. 23rd, 1926

"Mr. J. C. Ruettinger,
"Chicago, Ills.

"Dear Sir:

"In connection with the $27,000.00 which you paid me today for my half interest in the Diamond T. Garage, 100 x 250 ft. running between Sangamon and Morgan Streets, just south of Madison Street, it is understood that I still owe you $6,245.83 in connection with the sale of the Franklin Bldg., which amount, however, has been reduced some what due to certain expenses, leaving the amount approximately $5,300.00, which is still due you and which I agree to pay you just as soon as certain matters are straightened out.

"Yours very truly,
"A. S. Schulman"

Plaintiffs first argue that this a promissory note and that its introduction made a prima facie case entitling them to judgment if there was no evidence introduced in defense. We are of the opinion this position cannot be sustained. The writing does not contain an unconditional promise to pay a sum certain and at a fixed and definite time. *Chicago Tr. & Sav. Bank v. Chicago Title & Trust Co.,* 190 Ill. 404; *First Nat. Bank of Cass Lake v. Lamoreaux,* 255 Ill. App. 15.

Plaintiffs' complaint does not allege that this is a promissory note but their claim is based upon an accounting between the plaintiffs' intestate and defend-

ant in connection with the sale of certain real estate in Chicago, in which it was found that the defendant was indebted in the sum of $5,300, and that the defendant, to evidence this indebtedness, signed and delivered to plaintiffs' intestate the written memorandum in question.

Apparently J. C. Ruettinger, plaintiffs' intestate, and A. S. Schulman, defendant, were engaged in transactions relating to real properties described as the west side property, Garrett property and the Franklin building. A witness testified that in 1926 he kept charge of the personal files for Mr. Ruettinger and handled his correspondence; that on or about September 24, 1926, defendant gave Mr. Ruettinger a statement of accounts showing in itemized form the receipts and disbursements in connection with these properties. Mr. Ruettinger checked this over and after defendant left gave it to witness to file. The accounts are in evidence. They indicate that a balance was struck on September 24, 1926, showing that defendant owed Ruettinger $5,301.50. The witness testified that he next saw this account on December 23, 1926, when Mr. Ruettinger called for it and Mr. Schulman and Mr. Ruettinger then and there examined it. After it was examined by them Mr. Ruettinger dictated the memorandum in question to witness, who wrote it and then brought it in to the parties and Mr. Schulman signed it at that time. This evidence tended to prove that an account was stated between the parties and the memorandum was signed by defendant as evidence of its correctness.

Defendant seems to make the point that the evidence does not disclose the transactions upon which the account is based. This is not necessary under the circumstances. *Wurlitzer Co. v. Dickinson,* 153 Ill. App. 36; *Dick v. Zimmerman,* 105 Ill. App. 615, affirmed in 207 Ill. 636. Moreover, the statement of account and the memorandum sufficiently indicate the nature of the

prior transactions between the parties. Plaintiffs' evidence presented a prima facie case.

In the memorandum the defendant agreed to pay the amount due. It is therefore a written contract or evidence of an indebtedness in writing, and the 10-year statute of limitations applies. Ch. 83, § 17, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 107.276. Suit was commenced within this time.

In his affidavit of defense defendant denied that the accounting showed that defendant was indebted to plaintiffs' intestate and denied that the written memorandum was any evidence of an accounting, and alleged that it was executed without consideration and that he was coerced into executing the writing by the refusal of Mr. Ruettinger to pay a large sum of money owing by him to defendant. We hold that defendant should have introduced evidence in proof of these allegations.

The suit was originally commenced by John W. Ruettinger, administrator of the estate of John C. Ruettinger, deceased; subsequently a supplement to this was filed, alleging that the administrator had transferred to Pauline E. Ruettinger an undivided one-third, and to John W. Ruettinger an undivided two-thirds interest in the claim of the original plaintiff as administrator; that Pauline Ruettinger was the surviving widow of John C., and John W. is the only son, and that they were entitled to share in the distribution of the estate in these proportions, and that they were now the actual bona fide owners of the entire claim and cause of action. Defendant questioned the title of these plaintiffs to the cause of action. Plaintiffs introduced the letters of administration of the estate of John C. Ruettinger issued to John W. Ruettinger, proof of heirship, an order making final distribution of the estate and the assignment of the instant claim to the widow, Pauline E. Ruettinger, and

John W. Ruettinger. This was sufficient to prove plaintiffs' right to the cause of action.

We hold that the peremptory order directing a verdict for the defendant was error and that the cause should be remanded for a new trial.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.