Marie Mullberg, Appellee, v. Leo Johnson, Appellant.

Gen. No. 44,883.

Opinion filed March 8, 1950. Released for publication April 3, 1950.

TAGE JORANSON, of Chicago, for appellant.

SEIBERT & DANIELS, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

In a verified complaint filed on September 23, 1948, in the county court of Cook county by Marie Mullberg against Leo Johnson, plaintiff averred that on July 29, 1938, defendant borrowed from her $500 which he agreed to pay in 60 days; that to evidence the indebtedness he executed an instrument in writing, a photostatic copy of which was attached and marked Exhibit "A"; that the transaction occurred in the City of Chicago; that demand "has been made upon the defendant for said sum of money," but that he refused to pay any part thereof; wherefore, she demanded judgment for $500 plus interest at 5 per cent per annum from September 29, 1938. Exhibit "A" is on a billhead containing the printed words, "Chicago, Ill., . . . Leo Johnson, Mason Contractor, 5414 N. Menard Avenue, In account with." After the words "Chicago, Ill." appears the date, "July 29, 1938." Nothing is filled in after the words "In account with." Following the above printed matter and the date, a printed line runs from left to right across the billhead. Below this printed line the following is written: "This day I have received Five Hundred ($500.00) dollars as a loan and I am to pay back in sixty (60) days." Below this appears the signature of "Leo Johnson."

Defendant appeared and demanded a trial by jury. He filed an amended motion to dismiss on the ground that (1) the cause of action was not commenced within five years next after it accrued; (2) that plaintiff is not named or mentioned in the instrument sued upon, and parol evidence must be resorted to in order to show with whom the contract was made; (3) that the contract is partly in writing and partly oral and therefore is, in legal effect, an oral contract, and any action thereon is barred unless brought within five years next after the cause of action accrued; and (4) that the fact that the cause of action did not accrue within the time limited by law for the commencement of an action

thereon, appears on the face of the complaint. The court denied defendant's motion to dismiss the complaint. He elected to stand on his motion, whereupon judgment was entered against him for $749.18, to reverse which he prosecuted his appeal.

Defendant maintains that the instrument upon which the action is based does not constitute a contract in writing because plaintiff is not named therein and that, therefore, the action is barred by the five year statute of limitations. Plaintiff argues that the suit was brought within ten years from the time the indebtedness became due and that the action is governed by the ten year statute of limitations. Sec. 15 of the Limitations Act (par. 16, ch. 83, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 107.275]) provides that actions on unwritten contracts, expressed or implied, and of civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued. Sec. 16 (par. 17, ch. 83, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 107.276]) provides that actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued.

██ The exhibit on which plaintiff relies is not a promissory note. It is not payable to the order of a specified person or to bearer. Plaintiff is not mentioned in the instrument by name or otherwise. The complaint alleges that the defendant borrowed the money from the plaintiff. That allegation finds no support in the instrument in question and therefore must be proved by parol testimony in order to connect plaintiff with the contract as a party thereto. The exhibit is not a written contract within the meaning of sec. 16 of the Limitations Act. Plaintiff urges that the instrument on which she sues comes within the language of "other evidences of indebtedness in writing" and is governed

95

by the ten year statute of limitations. In *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Loomis,* 142 Ill. 560, a widow, after five years and within ten years after the action accrued, brought action to recover a benefit by reason of her husband's death, based upon a membership certificate issued by the association and upon the latter's by-laws. Neither the certificate nor the by-laws mentioned the widow or referred to her in any way. The court said (567):

"It is clear, therefore that parol testimony must be resorted to, in order to connect the plaintiff with the contract as a party thereto. . . . A contract cannot be said to be in writing, unless the parties thereto, as well as the terms and provisions thereof, can be ascertained from the instrument itself. If the party to a written contract is not named therein, the contract is defective as containing only a part of the agreement. In such case, the agreement is only partly reduced to writing, because parol proof must be resorted to, in order to show with whom the bargain was made. . . . As the plaintiff is not named as a party in the certificate of membership and constitution and by-laws, the latter can no more be regarded as an evidence of indebtedness in writing to her, than they can be regarded as a written contract with her. . . . , it is necessary to go outside of the certificate of membership . . . and by-laws, . . . and introduce oral evidence of extrinsic facts, in order to bring the plaintiff within the scope and meaning of the requirements embodied in such . . . by-laws. Undoubtedly a contract existed between plaintiff and the association, but it was not a written contract. It was an implied contract, a contract created by operation of law out of the certificate and the . . . by-laws on the one hand, and the oral testimony connecting plaintiff therewith on the other hand. . . . Inasmuch, therefore, as the contract, upon which a recovery is sought in this case, must be regarded as an unwrit-

96

ten and implied contract, . . . the action upon it was barred in five years."

See also *Mowatt v. City of Chicago*, 292 Ill. 578; *Kordewick v. Indiana Harbor Belt R. Co.*, 157 F. (2d) 753; *Murphy v. Cicero Lumber Co.*, 97 Ill. App. 510; *Novosk v. Reznick*, 323 Ill. App. 544; and *Orminski v. Hyland Elec. Supply Co.*, 326 Ill. App. 392.

■ As the contract is partly written and partly oral it is not an "evidence of indebtedness in writing" within the meaning of the ten year statute of limitations. In the *Loomis* case plaintiff contended, as does the plaintiff in the instant case, that even though the writings did not constitute a written contract, they were included in "other evidences of indebtedness in writing." The Supreme Court rejected this contention saying, "as the plaintiff is not named as a party in the certificate of membership and constitution and by-laws, the latter can no more be regarded as an evidence of indebtedness in writing to her, than they can be regarded as a written contract with her." In *Knight v. St. Louis, I. M. & S. R. Co.*, 141 Ill. 110, the court said that whether the action is based on a written contract or on any other evidences of indebtedness in writing, the action in either case must be upon the writing, and that "it is not enough that the evidence by which the cause of action is supported is in writing." In support of her contention that the memorandum is a written contract of evidence of indebtedness, plaintiff cites *Ruettinger v. Schulman*, 293 Ill. App. 285, where the court held that the memorandum was sufficient to sustain an action brought within ten years. In that case the memorandum is addressed to plaintiff's intestate and signed by the defendant and contains all the other requisites of a contract or evidence of indebtedness in writing. Plaintiff also cites *Jones v. Supreme Lodge Knights of Honor*, 236 Ill. 113, to support her statement that the introduction of oral evidence to identify

the beneficiary in a written agreement does not bring the writing within the five year statute of limitations, but that the ten year statute applies. A reading of that case shows that the beneficiary named in the benefit certificate was Belle Jones, wife of the insured, who died before her husband. He left no children. His father, mother and appellees, who are his brothers and sisters, were his heirs. Appellant contended that the plea of the statute of limitations should have been sustained because the contract sued on was not entirely in writing and that, therefore, the statute of limitations as to oral contracts must govern. The court said (117):

"Had the wife been living at the time the suit was brought it could certainly not be contended that the contract was not written. The certificate specifically named her, yet it would have been necessary to introduce oral evidence to identify her as a beneficiary. Her death did not change the written contract to an oral one, and the introduction of the by-laws of the association showing to whom the policy was then payable does not make it an oral contract. We consider what is said in *Conductors' Benefit Ass'n v. Loomis*, 142 Ill. 560, cited and relied on by appellant, in harmony with this conclusion."

In our opinion neither the *Ruettinger* or the *Jones* cases is applicable to the situation presented by the record in the instant case.

Plaintiff urges that the written memorandum upon which suit was filed could also come within the ten year statute of limitations as a promissory note because after the printed words "in account with" plaintiff was authorized by sec. 14 of the Negotiable Instruments Act (par. 34, ch. 98, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 89.034]) to fill in her name. Evidently plaintiff did not feel that she had authority to fill in any name, because she did not do so. There was no attempt to comply with this statute, nor did

98

plaintiff rely on it in her complaint. She states that there is nothing in appellant's brief which shows where or how the trial court erred in entering judgment for her; that there was a hearing before the court; that the matter was argued by counsel; and that the trial judge may have based his ruling on the Negotiable Instruments law, or on the argument that plaintiff could show that the statute had been tolled by a new promise to pay. In this contention plaintiff relies on sec. 48 of the Civil Practice Act (par. 172, ch. 110, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 104.048]) that upon the hearing of the motion he had a right to present affidavits or other proof denying the facts alleged or establishing facts obviating the objection. The record shows that no proof was heard. Plaintiff overlooks the fact that defendant demanded a trial by jury and that under the provisions of sec. 48 where there are disputed questions of fact and where the action is at law, and the opposing party demands a trial by jury, the court shall deny the motion. Plaintiff maintains that by filing his motion to dismiss, defendant admitted the facts well pleaded and admitted that he gave plaintiff the evidence of indebtedness upon which the suit was brought, and that therefore there was no need to introduce any oral testimony to connect plaintiff with the instrument. Motions to dismiss admit facts well pleaded, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. *Skidmore v. Johnson,* 334 Ill. App. 347, 357. The pleadings presented only a question of law as to whether the action was barred by the five year statute of limitations or whether it could be brought under the ten year statute of limitations. Defendant's motion did not admit that the instrument on which the plaintiff sued was within the ten year statute of limitations. There was no question of fact. We are of the opinion that the court erred in

denying defendant's motion to dismiss the complaint. For that reason the judgment of the county court of Cook county is reversed and the cause remanded with directions to sustain defendant's motion to dismiss the complaint and to enter judgment for defendant and against plaintiff.

*Judgment reversed and cause remanded with directions.*

LEWE, P. J., and KILEY, J., concur.