*In re* ESTATE OF ULIS H. GARRETT, Deceased.—(HANZEL L. GARRETT, Claimant-Appellant.)

(No. 73-183; <span style="background:black;color:black"></span>

Second District—January 8, 1975.

Richard R. Cross, of Woodstock, for appellant.

James E. Berner, of Woodstock, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Hanzel L. Garrett, the claimant, appeals from a dismissal of his claim in the amount of $2,000 filed against the estate of Ulis H. Garrett, deceased, which the trial court held was barred by the defense of the 5-year statute of limitations governing unwritten contracts. Ill. Rev. Stat. 1971, ch. 83, par. 16.

It appears from the stipulated report of proceedings that Hanzel Garrett is the son of Ulis H. Garrett, deceased. On April 11, 1961, Ulis Garrett paid a promissory note which he had given to the First State Bank of Harvard in the amount of $5,000. Upon his death, the claimant, as executor, found the paid note in his father's safety deposit box. The following appears on the reverse side of the note in the decedent's handwriting:

"Hanzel L. Garrett
and
Howard R. Garrett
Loaned me The money
To Pay This Note
 $2,500 Each
I Want This Paid Out [sic]
My Estate
 4-11-1961
S/ Ulis H. Garrett"

The envelope containing the note bore the writing also in the decedent's hand:

 00
"$5,000‾‾
I owe Hank
 &
Howard Garrett
 $2,500.00 each S/ U. H. Garrett
 1961"

The claim was filed on February 20, 1970.[1]

The claimant contends that his claim is not barred by the 5-year statute of limitations as an unwritten contract but is instead covered by section 16 of "An Act in regard to limitations" (Ill. Rev. Stat. 1971, ch. 83, par. 17).[2] He argues that both the writing on the reverse of the note paid by the deceased and the writing on the envelope in which the note was found constitute "other evidences of indebtedness in writing." The special administrator to defend responds that the writings do not constitute "other evidences of indebtedness in writing" because the phrase was not meant to extend to a different class than that included by the

---

[1] The daughter of the deceased, Norma Wittmus, testified that on May 6, 1966, she was directed by her father to write a check to claimant for $500 as a payment on a debt which decedent owed claimant. The check signed by the deceased and endorsed by Hanzel Garrett was offered into evidence. On objection by the special administrator to defend, the check was not admitted on the ground that there was no proof that the check was given in payment of the loan evidenced by the paid note. The claimant, however, makes no issue of this ruling in this appeal.

[2] "Except as provided in Section 2—725 of the 'Uniform Commercial Code', * * * actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued; * * *."

preceding particular enumeration in the statute. He argues, citing *Wood v. Williams* (1892), 142 Ill. 269, 275, that the phrase was intended to include only contracts in which the parties intended to put the evidence in writing at the time the agreement was made and does not apply to a verbal contract sought to be proved by subsequent admissions in writing.

■■ The writings on the reverse side of the paid note and on the accompanying envelope do not fall within the particular enumerations in the statute which could be considered pertinent. They fail to fall within the classification of a promissory note because they do not provide for payment absolutely and unconditionally. (*Ruettinger v. Schulman* (1938), 293 Ill.App. 285, 287; *Mullberg v. Johnson* (1950), 340 Ill. App. 92, 95. See also Ill. Rev. Stat. 1971, ch. 26, par. 3—104.) Furthermore, without regard to interpretation, they fail to qualify as a "written contract" because the documents were not delivered to the claimant and, in fact, he did not know of their existence until after the death of his father. (*Cities Service Oil Co. v. Viering* (1949), 404 Ill. 538, 545; *Memory v. Niepert* (1890), 131 Ill. 623, 631-632.) We conclude, however, that being of a contractual nature, the writings do constitute "other evidences of indebtedness in writing."

■■ Whether an action is based on a written contract or on any other evidence of indebtedness in writing, the action must be upon the writing and it is not enought that the evidence by which the cause of action is supported is in writing. *Bates v. Bates Machine Co.* (1907), 230 Ill. 619, 621-622; *Knight v. St. Louis Iron Mountain & Southern Ry. Co.* (1892), 141 Ill. 110, 115; *Mullberg v. Johnson*, 340 Ill.App. 92, 97.

■■ The writings before us are not, however, mere evidence of a previous oral agreement. They are by themselves complete, thus eliminating the necessity of resort to parol evidence. The parties to the agreement, the nature of the transaction, the amount in question and, at least by reasonable implication, an intention to repay the debt are indicated therein. Accordingly, the writings come within the purview of section 16 of "An Act in regard to limitations" (Ill. Rev. Stat. 1971, ch. 83, par. 17). *Ruettinger v. Schulman*, 293 Ill.App. 285, 288-289 (compare *Mullberg v. Johnson*, 340 Ill.App. 92, 97, where the payee's name was not mentioned in the instrument preventing the writing from being complete within itself as a written evidence of indebtedness); *Grossfeld & Roe Co. v. Zuckerman* (1915), 192 Ill.App. 90, 96; cf. *Coulson v. Hartz* (1893), 47 Ill.App. 20, 27. See also *Tagus Ranch Co. v. Hughes* (1944), 64 Cal.App.2d 128, 148 P.2d 79-80; *McDonald v. Hanahan* (1952), 328 Mass. 539, 105 N.E.2d 240, 242; *O'Neal v. Patterson* (Mo.Ct.App. 1918),

206 S.W. 596, 597; *Hester & Wise v. Chinn* (Tex. Civ. App. 1942), 162 S.W.2d 450, 452; Annot., 111 A.L.R. 984 (1937).

We do not agree that *Wood v. Williams* (1892), 142 Ill. 269, 275, cited as controlling by respondent, requires a contrary result. The case held that the words "other evidences of indebtedness in writing" by a familiar rule of construction do not extend to a different class from that included by the preceding enumeration and were therefore intended to include only contracts in which the parties intended to put the evidence in writing at the time they were made. However, the writing in *Wood*, in the form of a letter, did not purport to be the statement of a contract previously made, nor the contemporaneous expression of a contract, then being made. It was held, rather, to be a mere narrative, incomplete unless accompanied with parol evidence supplementing its omissions. The writing here, to the contrary, although not technically a written contract, is of a contractual nature. Thus, it is of the same class as the forms specifically enumerated in the statute and properly considered, in our view, as within the meaning of the words "other evidences of indebtedness in writing" denoted in section 16 of the statute of limitations.

■■■ Under the weight of the modern authorities, moreover, the term "other evidences of indebtedness in writing" seems properly construed as a general expression embracing all kinds of written instruments of the same class or nature as those specifically enumerated in the statute but without regard to their precise form or phraseology. If the language of a writing may fairly be construed to contain a promise to pay money, or if the instrument states a fact from which the law implies an obligation to pay and there is no need to resort to parol evidence in order to establish any essential elements of the agreement forming the basis of the action, the instrument is within section 16 of the statute of limitations founded upon "evidences of indebtedness in writing." A cause of action, however, is not founded on a written instrument within that statute merely because it is indirectly connected with the writing or because the writing may be a link in the chain of evidence establishing liability. See, e.g., *Mowatt v. City of Chicago* (1920), 292 Ill. 578, 582; *Knight v. St. Louis Iron Mountain & Southern Ry. Co.*, 141 Ill. 110, 115; *Memory v. Niepert*, 131 Ill. 623, 630; *Bracklein v. Realty Ins. Co.* (1938), 95 Utah 490, 80 P.2d 471, 476; *Grant v. Williams* (1954), 158 Neb. 107, 62 N.W.2d 532, 536.

We conclude that the liability in the instant case grows out of the written instrument not remotely or ultimately but immediately, and it is therefore within section 16 of the statute of limitations. Since the appellant's claim was properly filed within 10 years it is not barred. We,

therefore, reverse the judgment below with directions to further proceed in accordance with this opinion.

Reversed and remanded with directions.

T. MORAN and RECHENMACHER, JJ., concur.