2020 IL App (1st) 190725-U
No. 1-19-0725
March 16, 2020

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| HAROLD AND HILARI, INC., | ) | Appeal from the Circuit Court |
| | ) | Of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | No. 18 L 06164 |
| v. | ) | |
| | ) | The Honorable |
| AA AUTO & TRUCK SERVICES, INC., | ) | James E. Snyder, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held:*  An unsigned invoice does not qualify as a written contract, nor as "other evidence of indebtedness," and the circuit court properly dismissed the complaint as barred by the 5-year statute of limitations pursuant to 735 ILCS 13-205 (West 2018).

¶ 2    This case arises from a breach of contract claim plaintiff-appellant, Harold and Hilari, Inc. (H & H), filed to recover for damage caused to his vehicle as a result of an auto-repair performed by the mechanic of defendant-appellee, AAAuto and Truck Services Inc. (AAAuto). The repair

occurred six years prior to the filing of the original complaint, and the circuit court dismissed the complaint as barred by the 5-year statute of limitations.

¶ 3    The issue before the court is whether an unsigned invoice for a completed auto repair contains all necessary elements of a written contract or of "other evidence of indebtedness," and is therefore controlled by the 10-year statute of limitations under 735 ILCS 13-206 rather than the 5-year statute of limitations for oral contracts under 735 ILCS 13-205.  We find that this invoice is neither a written contract, nor "other evidence of indebtedness," because it lacks evidence of mutual assent on the face of the instrument. Therefore, we affirm.

¶ 4                                    BACKGROUND

¶ 5    H & H owned a 2004 Volvo HD Semi Tractor Truck. The truck's engine turbo charger failed in August 2012. H & H brought the truck to AAAuto's motor vehicle repair facility on August 3, 2012. AAAuto's mechanic examined, tested and drove the truck, prior to diagnosing the underlying issue. H & H left its truck with the mechanic. Two days later, the mechanic gave H & H an invoice for the work performed at a cost of $3355.10. H & H later learned AAAuto's mechanic failed to perform the work effectively. Specifically, AAAuto did not flush the inlet manifold, flush the air charge cooler, prevent excess oil from entering the crankcase, prevent excess combustion, or perform the repair in a manner that meets industry standards. This caused the engine to shatter and break apart, which rendered the truck inoperative until it was repaired again.

¶ 6    H & H incurred damages by having the truck towed, paying for additional diagnostic services, and having the engine replaced. During this time, H & H was unable to continue its freight hauling business, as this was the only truck owned and used for business.

¶ 7    H & H filed a complaint against Audrius Jackevicus doing business as AA Auto & Truck Service, Inc., on June 14, 2018, seeking $89,186 in lost income and business expenses. H & H claimed breach of contract and negligence in relation to the work performed on the truck's engine turbo charger in 2012.

¶ 8    On August 15, 2018, Audrius Jackevicus was dismissed and H & H amended its complaint to substitute AAAuto as the defendant on September 6, 2018.

¶ 9    AAAuto filed a motion to dismiss both counts of the amended complaint on January 16, 2019. AAAuto argued the invoice was not a written contract, but rather evidence of an oral contract; therefore, H & H's claims were barred by the 5-year statute of limitations. The circuit court judge granted AAAuto's motion to dismiss H & H's amended complaint with prejudice on March 8, 2019.

¶ 10    H & H timely appealed.

¶ 11                                    ANALYSIS

¶ 12    On appeal, plaintiff argues the circuit court erred in applying the 5-year statute of limitations pursuant to 735 ILCS 13-205 rather than the 10-year statute of limitations pursuant to 735 ILCS 13-206 in dismissing H & H's complaint because (a) the invoice was a written contract; or (b) the invoice was "other evidence of indebtedness" as used in section 13-206.  The standard of review for dismissal of a complaint is *de novo*. *Kedzie & 103rd Currency Exch., Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993).

¶ 13    To determine whether the 5-year statute of limitations was correctly applied, two issues must be addressed: (a) whether the August 5, 2012 invoice is a written contract; or (b) whether the

August 5, 2012 invoice is "other evidence of indebtedness." A positive determination as to either issue would establish that the 10-year statute of limitation of section 13-206 applied.

¶ 14 Determining the legal effect of a document and determining whether a specific statute of limitations applies to a claim both involve questions of law rather than fact, requiring *de novo* review. *Northern Illinois Medical Center v. Home State Bank of Crystal Lake*, 136 Ill. App. 3d 129, 142 (1985); *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill.2d 461, 466 (2008). *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 226 (2010). When reviewing the motion to dismiss, we "must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party" and take as true all well-pleaded facts and reasonable inferences derived therefrom. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008).

¶ 15                                   A. The Invoice

¶ 16 AAAuto argues the circuit court's determination that the invoice is not a written contract should be affirmed because it was not signed and therefore does not contain the written assent of both parties. AAAuto relies on *Toth v. Mansell*, 207 Ill. App. 3d 665 (1990), arguing the invoice in this case is analogous to the invoices and account statements analyzed therein. In *Toth,* the court held the invoices and statements did not qualify as written contracts because the invoices and account statements did not to contain any promises from the defendant to pay. *Id*. at 669-70. For purposes of applying a statute of limitations, "Illinois courts strictly interpret the meaning of a written contract," and a written contract must contain "all essential terms" within the four corners of the instrument. *Id*. at 669. If parol evidence is used to complete the contract, it is not to be considered a written contract for purposes of the statute of limitations. *Id*.

¶ 17    H & H argues the invoice in this case is distinguishable from the documents at issue in *Toth* because *Toth* contained a mutual promise. The invoice here contained four promises of H & H: to pay in cash, to pay the full balance of $3355.10, to leave his truck as collateral until full payment has been made, and to absolve AAAuto of any liability for damage to the truck and its contents by fire, theft or "other causes beyond your control." *Toth*, 207 Ill. App. at 670.

¶ 18    However, the four promises in the invoice do not support H & H's argument. As in *Toth*, there is no indication on the face of the unsigned invoice that H & H ever accepted the terms of the invoice. *Id*. In fact, as AAAuto points out, the invoice explicitly states, "[*u*]*pon signing this repair order*, it is accepted as a complete and comprehensive description of the work done on this vehicle," (emphasis added), further indicating that H & H's signature was required to solidify its contractual nature.

¶ 19    H & H also argues the lack of a signature is not fatal to the existence of a written contract if both parties accepted the terms through performance. In support of this argument, H & H relies on *Landmark Properties, Inc. v. Architects International-Chicago*, 172 Ill. App. 3d 379 (1988). In *Landmark Properties* the court enforced an unsigned written agreement to arbitrate because it was shown that the parties accepted the written terms through performance of the work. *Id*. at 383-84.

¶ 20    As previously discussed, for purposes of determining the statute of limitations, a contract is considered "written" where all essential terms of the agreement can be found within the four corners of the instrument. *Armstrong v. Guigler*, 174 Ill.2d 281, 288 (1996). This case is distinguishable because there was no statute of limitations issue in *Landmark Properties*. *Landmark Properties*, 172 Ill. App. 3d at 380. In *Landmark Properties*, another panel of this court determined whether an arbitration clause in a writing was enforceable, despite the lack of a

5

signature. *Id*. at 382. The panel looked to parol evidence of the parties' behavior to determine whether or not that behavior should be given any weight. *Id*. at 383. There, it was determined that the parties' assent was proven through performance. *Id*. at 384.

¶ 21        A contract requires a basic showing of an offer, acceptance, and consideration. *A. Epstein & Sons Int'l, Inc. v. Eppstein Uhen Architects, Inc.*, 408 Ill. App. 3d 714, 720 (2011). Therefore, to call the invoice a contract for the purpose of applying the 10-year statute of limitations pursuant to section 13-206 rather than the 5-year statute of limitations pursuant to section 13-205, the invoice has to contain every component within its four corners. In this case, the invoice is missing acceptance, as there was no indication on its face that H & H agreed to any of the four promises therein.

¶ 22        Looking to the analyses of other jurisdictions, our position is not unique. The Court of Appeals of Texas has found unsigned invoices to constitute a written contract, but only together with a letter of guaranty. *Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W. 2d 716, 721 (1983). The Supreme Court of Utah has held that an unsigned deed still constitutes a written agreement to pay once that deed has been accepted, but this was based upon a statute that created an exception to the general rule, specifically for deeds. *Bracklein v. Realty Ins. Co.*, 80 P 2d 471, 477 (1938).

¶ 23        Here, there is no letter of guaranty, nor a statute specifying that unsigned invoices for work performed can be considered written contracts. Therefore, even by standards set in other jurisdictions where a similar unsigned writing has been accepted as a written contract, the unsigned invoice is not enough to constitute a written contract.

¶ 24        H & H has asked us to consider the performance of the parties in determining whether there is evidence of mutual acceptance, but that would constitute consideration of parol evidence. Without evidence of acceptance within the four corners of the instrument, H & H's argument that the invoice qualifies as a written contract fails.

¶ 25                        B. The Invoice is Not "Other Evidence of Indebtedness"

¶ 26        H & H argues if the invoice does not qualify as a written contract, then it qualifies as "other evidence of indebtedness" under section 13-206.

¶ 27        H & H correctly defined "other evidence of indebtedness" as "[a] document that contains a promise to pay money or contains facts from which the law implies a promise to pay." However, AAAuto correctly argues that the lack of a signature is fatal to H & H's argument that the invoice constitutes "other evidence of indebtedness." This court has refused to rely on parol evidence to identify "other evidence of indebtedness." *Garrett's Estate v. Garrett*, 24 Ill. App. 3d 895, 898 (1975). The face of the instrument must indicate the paying party intends to pay. *Id*.

¶ 28        Without looking outside the unsigned invoice to the actions of the parties, the invoice is an unanswered request for payment rather than "other evidence of indebtedness," as it is used in section 13-206. Therefore, the 10-year statute of limitations under section 13-206 does not apply.

¶ 29        H & H points to *Krazler v. Saltzman*, 407 Ill. App. 3d 24, 28 (2011), where the court held a written "memo" of a debt was "other evidence of indebtedness," despite its lack of formal contractual qualities or specifications. *Id*. H & H argues the memo in *Krazler* is analogous to the invoice in this case; however, the two are distinguishable. The memo was signed by the debtor in *Krazler*, clearly indicating an intent to repay the debt. *Id*. Here, H & H did not sign the invoice, and therefore did not demonstrate an intent to pay the requested amount.

7

¶ 30                                CONCLUSION

¶ 31       Because the invoice does not qualify as a written contract or "other evidence of indebtedness" pursuant to 735 ILCS 13-206, the trial court properly applied the 5-year statute of limitations pursuant to 735 ILCS 13-205 to the claims H & H brought against AAAuto.

¶ 32       It has been more than five years since the events giving rise to the claims, so the trial court properly dismissed the cause of action as barred by the statute of limitations.

¶ 33       Affirmed.