Kenneth A. SMITH, individually and
on behalf of all others similarly
situated, Plaintiff,

v.

ASSET ACCEPTANCE,
LLC, Defendant.

No. 1:13–cv–255–WTL–DML.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Signed Aug. 9, 2013.

Christian E. Dodd, Ackerman Senterfitt, Jacksonville, FL, Amy R. Jonker, Dykema Gossett PLLC, Grand Rapids, MI for Defendant.

Angie K. Robertson, Mary E. Philipps, David J. Philipps, Philipps & Philipps Ltd., Palos Hills, IL, Steven James Halbert, Carmel, IN, for Plaintiff.

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

WILLIAM T. LAWRENCE, District Judge.

This cause is before the Court on the Defendant's motion to dismiss. Dkt. No. 12. The motion is fully briefed, and the Court, being duly advised, rules as follows.

### I. STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat.*

*Bancorp,* 499 F.3d 629, 633 (7th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## II. *BACKGROUND*

The facts as alleged in the Complaint are as follows. Plaintiff Kevin Smith filed a Chapter 13 bankruptcy petition on September 26, 2012. On October 29, 2012, Defendant Asset Acceptance, LLC, filed a proof of claim for a credit card debt in the amount of $10,856.31 against Smith in his bankruptcy. According to Smith, the statute of limitations for collecting this debt had long since expired. Smith objected to Asset's claim, and the bankruptcy court sustained the objection. On February 13, 2013, Smith filed the instant action alleging that, by filing a proof of claim on a time-barred debt, Asset violated the Fair Debt Collection Practices Act ("FDCPA"). Asset has now moved to dismiss.

## III. *DISCUSSION*

■ Asset's argument for dismissing this claim is a broad, bright line rule: remedies for actions taken within a bankruptcy proceeding—whether contemplated by the Bankruptcy Code itself (as Asset argues is the case here) or a violation of even that code (as in cases cited by Asset)—are to be found exclusively within the realm of bankruptcy.

■ Asset's argument requires the Court to assess the intersection of two federal statutes—the Bankruptcy Code and the FDCPA. Simply stated, "[t]he Bankruptcy Code of 1986 does not work an

implied repeal of the FDCPA." *Randolph v. IMBS, Inc.,* 368 F.3d 726, 732 (7th Cir.2004). Rather, these statutes overlap, and "[o]verlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both." *Id.* at 731.

Here, Asset has not shown that a debt collector subject to the FDCPA may not also comply with the Bankruptcy Code's proof of claims process. As an initial matter, under the Bankruptcy Code, a creditor is permitted—but not required—to file a proof of claim. 11 U.S.C. § 501(a) ("A creditor ... may file a proof of claim.").[1] Furthermore, and perhaps more importantly, assuming that a time-barred claim is a "claim" that *may* be filed in the claims allowance process within the meaning of the Bankruptcy Code, 11 U.S.C. § 101(5), it is not clear that doing so would not violate Federal Rule of Bankruptcy Procedure 9011, the bankruptcy equivalent of Federal Rule of Civil Procedure 11. *Cf. Steinle v. Warren,* 765 F.2d 95 (7th Cir. 1985) (assessing Rule 11 sanctions against attorney who filed suit on claim that he admittedly knew was time-barred).

One additional point bears mention. Asset cites a number of cases that express concern that permitting FDCPA actions for proofs of claim for time-barred debts will "encourage[ ] [debtors] to file adversary proceedings instead of simply an objection to the creditor's claim, which is incredibly inefficient and undermines the process provided by the Bankruptcy Code." *In re Williams,* 392 B.R. 882, 886 (Bankr.M.D.Fla.2008); *see also Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols*

1. In its Reply, Asset argues that Smith's claim under the FDCPA fails not because the Bankruptcy Code supplants that statute, but because filing a proof of claim is not an effort to collect a debt from a debtor. However, it is Asset, not Smith, who "fails to take on the critical distinction between complaints filed in civil court on debts and proofs of claims filed in bankruptcy proceedings" in its initial brief, Asset's Reply at 3, Dkt. No. 27, and Smith was therefore not required to respond to this argument. The Court expresses no opinion on this argument.

& *Clark, LLC,* 1999 WL 284788, at *5–6 (N.D.Ill.1999). However, the doctrine of issue preclusion likely prevents this result. *Adair v. Sherman,* 230 F.3d 890, 896 (7th Cir.2000) (debtor who did not object to proof of claim in bankruptcy proceeding could not thereafter bring FDCPA claim for incorrect stated amount due because bankruptcy claims process had already definitively determined amount of debt). Accordingly, these concerns are unpersuasive.

## IV. *CONCLUSION*

For the foregoing reasons, the Defendant's motion to dismiss is **DENIED.** The stay of discovery is lifted. The Plaintiff shall file his brief in support of his motion for class certification by August 26, 2013; briefing shall proceed in accordance with Local Rule 7–1.

SO ORDERED.

