In re Samuel L. BRIMMAGE, Debtor.

Samuel L. Brimmage, Plaintiff,

v.

Quantum3 Group LLC and Elite Recovery Acquisition, LLC, Defendants.

Bankruptcy No. 13–29753.
Adversary No. 14–00674.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Signed Jan. 9, 2015.

David S. Yen, Legal Assistance Foundation, Chicago, IL, for Plaintiff.

David J. Frankel, Sorman & Frankel, Ltd., Chicago, IL, for Defendants.

## Order Denying Motion to Dismiss
(Docket No. 5)

JACQUELINE P. COX, Bankruptcy Judge.

Quantum3 Group LLC and Elite Recovery Acquisitions, LLC (collectively "Defendants") brought this Motion to Dismiss the Complaint filed by the debtor, Samuel L. Brimmage. For the reasons stated below, the motion is denied.

### I. Facts and Background

Samuel L. Brimmage ("Brimmage") filed his Chapter 13 bankruptcy petition for relief on July 26, 2013. (Voluntary Petition, Bankruptcy Case No. 13–29753, Dkt. No. 1). Brimmage had a number of unsecured debts, one of which was to "Household Renaissance." (Complaint, Adversary Proceeding No. 14–A–00674, Dkt. No. 1, ¶ 9). While Brimmage does not remember having an account with a company called "Household Renaissance," he does admit to having incurred some debt in 2002 or 2003, which he believes was made to a company he knew by a different name. (*Id.* at ¶ 12). Brimmage admits that he later defaulted on this debt, which is consistent with the proof of claim that the Defendants filed in this case. (*Id.* at ¶ 12; Ex. A).

Elite Recovery Acquisitions, LLC is a national debt buyer who at some point acquired rights to collect on the aforementioned debt. (*Id.* at ¶ 10). Quantum3 Group LLC is an agent of Elite Recovery Acquisitions, LLC authorized to file proofs of claim on behalf of Elite Recovery Acquisitions, LLC. (*Id.* at ¶ 8). After Brimmage filed for bankruptcy, Quantum3 Group LLC filed a proof of claim on Elite Recovery Acquisitions' behalf, claiming that Elite Recovery is the owner of the debt and is entitled to collect $859.92 in principal and $291.71 in interest, for a total claim of $1,151.63. (*Id.* at ¶¶ 15, 18).

The debt itself was for personal, family or household purposes. (*Id.* at ¶ 13). Brimmage was unable to remember how the debt arose, but assumes that it was either a result of credit card transactions, or a contract for the sale of goods or services. (*Id.* at ¶¶ 22, 24). According to the proof of claim, the last transaction was on June 30, 2004, and the charge off date was June 30, 2004 as well. (*Id.* at Ex. A). Brimmage admits that he had not used or paid the debt on this account since June, 2004. (*Id.* at ¶ 17). The Defendants filed a proof of claim on this debt on September 13, 2013. (*Id.* at ¶ 15). In Illinois, the statute of limitation to sue to collect on a credit card account or on account of an oral contract is five years. 735 ILCS 5/13–205; *Portfolio Acquisitions, LLC v. Feltman*, 391 Ill.App.3d 642, 330 Ill.Dec. 854, 909 N.E.2d 876 (2009) (applying the five year oral contract statute of limitation to credit card debt in Illinois). The statute of limitations to sue for breach of contract on the sale of goods is four years. 810 ILCS 5/2–725.

Brimmage filed an adversary proceeding on September 12, 2014 claiming that the statute of limitations to collect on this debt expired before he filed for bankruptcy, making the debt stale. (Complaint, Adversary Proceeding No. 14–A–00674, Dkt. No. 1, ¶ 27). He further alleges that by filing a proof of claim to recover a stale debt, the Defendants have violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (*Id.* at ¶ 31). Here, he seeks to recover statutory damages, actual damages and at-

torney's fees. (*Id.* at p. 6). In a separate matter, Brimmage has objected to the Defendants' Claim. (Objection to Claim, Bankruptcy Case No. 13–29753, Dkt. No. 33). Defendants now bring this motion under Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, to dismiss the Complaint for failure to state a claim upon which relief can be granted. (Motion to Dismiss, Adversary Proceeding No. 14–A–00674, Dkt. No. 5). The motion has been fully briefed.

## II. Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (quoting *Bell Atl.,* 550 U.S. at 556, 127 S.Ct. 1955). In ruling on a motion to dismiss, the court must accept all well-pleaded facts as true and construe the allegations of the complaint in the light most favorable to the plaintiff. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir.2008). Dismissal is appropriate only if it is clear in the pleadings that no set of facts could be proven in support of the plaintiff's claims that would entitle him to the relief requested. *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 791 (7th Cir.1996).

## III. Discussion

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote State Action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Brimmage argues that by filing a time-barred claim, the Defendants have violated sections 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA. (Complaint, Adversary Proceeding No. 14–A–00674, Dkt. No. 1, ¶ 31). Section 1692e states generally that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The alleged violations include "false representation of ... the character, amount, or legal status of any debt," § 1692e(2)(A), the "threat to take any action that cannot legally be taken," § 1692e(5), and the "use of any false representation or deceptive means to collect or attempt to collect any debt." § 1692e(10).

The Defendants argue that the adversary proceeding should be dismissed for failure to state a claim upon which relief can be granted. Specifically, they argue that filing a proof of claim is not a debt collection effort and therefore not subject to the FDCPA. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 7). Alternatively, they argue that it is impossible to comply with the FDCPA in a bankruptcy proceeding where the Bankruptcy Code controls. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 17). The Court will address both of these arguments in turn.

### A. Is filing a proof of claim a form of debt collection?

■ Only representations or actions in connection with collection of debt fall under the FDCPA. *See* § 1692e. The Defendants provide a number of reasons why filing a proof of claim does not constitute a form of debt collection.

### 1. Proof of claim is an action to protect debt from discharge

█ The Defendants argue that the claims allowance process in bankruptcy is not the equivalent of debt collection outside of bankruptcy. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 7). Without citing any supporting authority, the Defendants state that unlike a demand letter for payment or filing a complaint, "the filing of a proof of claim is a defensive action taken to preserve a debt against the unique remedy of discharge." (*Id.* at p. 8). Moreover, a proof of claim is merely a statement setting forth a creditor's claim, and the creditor will only see payment after the claim is evaluated by a private trustee. (*Id.* at pp. 8–9).

While the aforementioned is a true representation of the claims allowance process in bankruptcy, it does not explain why the process cannot also be considered a form of debt collection. The Supreme Court has stated that when a creditor "files a proof of claim ... it is using a traditional method of collecting a debt." *Gardner v. State of New Jersey,* 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947). A proof of claim is prima facie evidence of a claim's existence and by filing it the creditor is requesting that the bankruptcy court enforce the asserted claim. *Id.* Moreover, a proof of claim is automatically granted when filed, 11 U.S.C. § 502(a), meaning that the claim holder is set to collect on the claim until an objection is both made and subsequently granted. In this regard the filing of a proof of claim is merely the bankruptcy analog of filing a complaint or sending a demand letter to recover on a debt outside of bankruptcy. Therefore, the Court rejects the Defendants' position that the claims allowance process is not a debt collection effort.

### 2. A proof of claim is not akin to a complaint filed in a civil action

The Defendants next argue that a proof of claim is not the same as filing a complaint in a civil action because if it were so the automatic stay would prevent creditors from filing them. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, pp. 9–11). However, this argument is irrelevant. The FDCPA does not apply solely to filing a complaint, but to *"any* false, deceptive, or misleading *representation or means* in connection with the collection of any debt." 15 U.S.C. § 1692e (emphasis added). The court has already determined that the filing of a proof of claim is a form of debt collection, as such the FDCPA would apply regardless of whether or not the proof of claim was similar to a complaint.

### 3. Majority of Courts have held that the FDCPA does not apply to filing a proof of claim

The Defendants provide a series of cases from other jurisdictions which have held that filing a proof of claim is not subject to the FDCPA. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 11); *see also Smith v. Asset Acceptance, LLC,* 510 B.R. 225 (S.D.Ind.2013); *Middlebrooks v. Interstate Credit Control, Inc.,* 391 B.R. 434 (D.Minn.2008); *Humes v. LVNV Funding,* 496 B.R. 557 (Bankr. E.D.Ark.2013); *Jenkins v. Genesis Fin. Solutions (In re Jenkins* ), 456 B.R. 236 (Bankr.E.D.N.C.2011); *Rogers v. B–Real, LLC,* 391 B.R. 317 (Bankr.M.D.La.2008); *In re Surprise,* 342 B.R. 119 (Bankr. N.D.N.Y.2006). Most of the cases cited involved the courts dismissing the debtors' FDCPA cause of action based on the defendants filing a time-barred proof of claim. However, *Asset Acceptance,* the only case cited from within the Seventh Circuit, is an exception. There, a judge of

the Southern District of Indiana denied the defendant's motion to dismiss the case. *Asset Acceptance,* 510 B.R. at 227. Brimmage, in turn, cites a number of cases which support the view that the FDCPA applies to filing time-barred proofs of claim. (Responce, Adversary Proceeding No. 14–A–00674, Dkt. No. 11, p. 6); *see also Crawford v. LVNV Funding, LLC,* 758 F.3d 1254 (11th Cir.2014); *Patrick v. PYOD, LLC,* 39 F.Supp.3d 1032; 2014 WL 4100414 (S.D.Ind.2014); *Asset Acceptance,* 510 B.R. 225. While these cases are persuasive, this Court is ultimately bound only by the Seventh Circuit's decisions, which in this case is *Randolph v. IMBS, Inc.,* 368 F.3d 726 (7th Cir.2004).

In *Randolph* the Seventh Circuit had to decide whether the Bankruptcy Code preempts the FDCPA when the alleged debt collection act violates both the FDCPA and the Code. *Randolph,* 368 F.3d at 729. The case itself was a consolidation of three cases with similar facts. The debtors had received debt collection letters from their respected debt collectors after the debtors' chapter 13 plans had been confirmed. The debt collectors, however, did not know of the debtors' bankruptcy case. As a result, the issue was whether section 1692e(2)(A) of the FDCPA (which creates a strict liability rule) or section 362(h) of the Bankruptcy Code (which requires scienter) applied. Two district courts concluded that "§ 362(h) 'preempts' § 1692e(2)(A)." *Id.* at 730. The Seventh Circuit reversed.

In reversing, the Seventh Circuit reasoned that "[o]ne federal statute does not preempt another." *Id.* (citing *Baker v. IBP, Inc.,* 357 F.3d 685, 688 (7th Cir. 2004)). Rather the issue is "one based on the operational differences between the statutes. These do not, however, add up to irreconcilable conflict; instead the two statutes overlap, . . . It is easy to enforce both statutes, and any debt collector can comply with both simultaneously." *Id.* Ultimately, the Court concluded that the Bankruptcy Code, while overlapping with the FDCPA, does not repeal the FDCPA, rather the two to coexist together. *Id.* at 732–33. "[A]s long as people can comply with both, then courts can enforce both." *Id.* at 731.

This Court, therefore, has to determine whether one can comply with the FDCPA and the Bankruptcy Code in the present case. Following the decision in *PYOD,* whose facts are nearly identical to the facts herein, this Court concludes that one can comply with both statutes. A creditor may file a proof of claim, but is not required to do so. § 501(a). "Likewise, the creditor can comply with the FDCPA by not using false, deceptive, or unfair means to collect upon a debt." *PYOD,* 39 F.Supp.3d at 1034, 2014 WL 4100414, at *2. As a result, nothing forces a debt collector to file a proof of claim on a time-barred debt. The holder of a time-barred debt may decide not to file a proof of claim and thereby comply with the Bankruptcy Code and the FDCPA. Thus, compliance is possible with both statutes and this Court can enforce both.

## 4. Filing a Proof of Claim cannot be a debt collection because it would violate the automatic stay

 Next, the Defendants argue that the filing of a proof of claim cannot be a debt collection effort because "any act to collect" debt is prohibited by the automatic stay. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 13); § 362(a)(6). However, as Brimmage points out, this view is incorrect. The automatic stay only prevents acts to collect debt outside of the bankruptcy proceeding. *See Central States, Southeast and Southwest Areas Pension Fund v. Basic Ameri-*

*can Industries, Inc.*, 252 F.3d 911, 918 (7th Cir.2001) ("[A]lthough 'demanding' payment from a debtor in bankruptcy other than in the bankruptcy proceeding itself is normally a violation of the automatic stay"). As discussed earlier, the filing of a proof of claim, while an action to collect on debt, is a permissible act because it is the method allowed by the Code to collect debt. *See* 11 U.S.C. §§ 501, 502. Filing a proof of claim is a form of debt collection, albeit one that is not barred by the automatic stay. This decision is consistent with a plethora of other courts' rulings. *See e.g. Crawford*, 758 F.3d at 1261–62 ("The automatic stay prohibits debt-collection activity outside the bankruptcy proceeding"); *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 356 (5th Cir.2008); *U.S. v. Inslaw, Inc.*, 932 F.2d 1467 (D.C.Cir.1991) ("For obvious reasons, however, courts have recognized that § 362(a) cannot stay actions specifically authorized elsewhere in the bankruptcy code, such as motions to convert reorganizations to liquidation proceedings").

## 5. Proof of claim seeks payment from the Bankruptcy Estate and not the Debtor

■ The Defendants argue that filing a proof of claim is not an attempt to collect from a debtor, but rather from the debtor's bankruptcy estate, and as a result the FDCPA does not apply. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 14). While payment is ultimately made from the bankruptcy estate, this argument itself holds no merit. First, to be a debt collector one need not collect directly from the debtor, but merely a debt that is owed to them. 15 U.S.C. § 1692(a) ("The term "debt collector" means any person who ... regularly collects or attempts to collect, *directly or indirectly*, debts owed....")' (emphasis added). Second, § 1692e does not require

that the collection effort be made only against the debtor. Rather, the statute provides that false, deceptive, or misleading representation cannot be employed in "the collection of *any debt*." § 1692e (emphasis added). Whether that payment comes from the estate rather than Brimmage is irrelevant. Ultimately, this is an effort to obtain payment of Brimmage's debt in a legal proceeding, an act that is subject to the FDCPA. *See Crawford*, 758 F.3d at 1261 (holding that filing a proof of claim on a time-barred debt "was an effort 'to obtain payment' of [the debtor's] debt 'by legal proceeding' ").

## 6. Filing a time-barred proof of claim is permitted by the Bankruptcy Code and therefore cannot violate the FDCPA

■ The Defendants' last argument under this section is that a creditor may file a time-barred claim under the Code and therefore such action should be allowed under the FDCPA. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 15). This argument, however, fails as well. First, in a case cited by the Defendants, the Southern District of Indiana points out that "assuming a time-barred claim is a "claim" that *may* be filed in the claims allowance process within the meaning of the Bankruptcy Code, 11 U.S.C. § 101(5), it is not clear that doing so would not violate Federal Rule of Bankruptcy Procedure 9011, the bankruptcy equivalent of Federal Rule of Civil Procedure 11." *Asset Acceptance*, 510 B.R. at 226 (citing *Steinle v. Warren*, 765 F.2d 95 (7th Cir.1985) (assessing Rule 11 sanction against attorney who filed suit on claim that he knew was time-barred)). Second, and more importantly, this argument merely returns the Court to the issue of whether the Code and the FDCPA can coexist, which has previously been an-

swered in the affirmative. Just because the Defendants "may" file a proof of claim does not mean that doing so would not (1) constitute a "false representation of the character, amount, or legal status of" the debt, (2) be an action that the Defendants could not otherwise legally take, or (3) be a false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §§ 1692e(2)(A), (5), (10). This Court concludes that while the Code may allow the Defendants to file a proof of claim on a time-barred claim, it does not relieve them of their obligation to comply with the FDCPA.

**B. FDCPA Debt Collector cannot comply with both the Code and the FDCPA during the Bankruptcy Process**

■ The Defendants' second major argument is in the alternative. Here they argue that if a proof of claim is a form of debt collection, and compliance is required with both the Code and the FDCPA, a creditor participating in the bankruptcy process cannot comply with both the Bankruptcy Code and the FDCPA. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 17). Relying on the holding in *Randolph,* that compliance with overlapping statutes is required when "it is easy to enforce both statutes and any debt collector can comply with both simultaneously," *Randolph,* 368 F.3d at 730, the Defendants provide four areas where the Bankruptcy Code and the FDCPA supposedly conflict and make compliance with both impossible. Specifically, their argument centers around the FDCPA's requirement that a debt validation letter be sent to the debtor within five days of an initial communication. 15 U.S.C. § 1692g. The problem, they argue, is that sending this letter would violate the automatic stay. The Defendants claim that debt collector creditors cannot both comply with

the FDCPA and (1) file a proof of claim, (2) participate in a § 341 meeting, (3) object to plan confirmation, or (4) pursue motion for relief from stay. Unfortunately, this argument fails as well.

■ A "communication in the form of a formal pleading in a civil action shall not be treated as an initial communication." 15 U.S.C. § 1692g(d). As a result, the Seventh Circuit has held that legal pleadings, such as complaints, no longer need to be accompanied by a validation letter. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 473 .(7th Cir. 2007). The Defendants argue that a bankruptcy case is not a civil action because a civil action is commenced by filing a complaint, while a bankruptcy case is commenced by filing a petition. (Memorandum, Adversary Proceeding No. 14–A–00674, Dkt. No. 6, p. 18–19); *see also* F.R. Civ. P. 3; 11 U.S.C. § 301. This, however, is not entirely persuasive. The similarity of the language of the two sections provides a strong indication that Congress intended for a bankruptcy petition to commence a civil form of action. *Compare* F.R. Civ. P. 3 ("A civil action *is commenced by filing* a complaint . . .") *with* 11 U.S.C. § 301 ("A voluntary case under a chapter of this title *is commenced by the filing* with the bankruptcy court a petition . . .") (emphasis added); *see also In re Simmons,* 765 F.2d 547, 552 (5th Cir.1985) ("It has been said that the filing of a proof of claim is tantamount to the filing of a complaint in a civil action"); *Nortex Trading Corp. V. Newfield,* 311 F.2d 163, 164 (2nd Cir.1962) ("The filing by Nortex of its proof of claim is analogous to the commencement of an action"). As such, when the Defendants filed the proof of claim, it was a legal pleading filed either in a civil action or beginning one. The filing of a proof of claim is specifically exempt by § 1692g(d) of the FDCPA from the vali-

dation letter requirement, and the Defendants need not worry about violating the FDCPA in this regard.

Moreover, the FDCPA requires a validation letter to be sent within five days of an initial communication "unless the following information is contained in the initial communication." 15 U.S.C. § 1692g(a) (going on to specify the required information). The Defendants provide no explanation as to why they are unable to provide the specified information when they file a proof of claim, participate in the § 341 meeting, object to plan confirmation or pursue motions for relief from stay. There is no reason why the Defendants cannot comply with both the Code and the FDCPA.

Finally, the court need not decide whether compliance with FDCPA and the Code in all four of these situations is possible to resolve this adversary proceeding. The Court need only resolve whether compliance is possible between the FDCPA and the filing of a proof of claim on a time-barred debt. As already discussed above, compliance with the FDCPA and Code is possible. Brimmage's complaint can move forward, while the other situations/issues that the Defendants bring up can be decided when they come to the fore.

## IV. Conclusion

Having explored all of the Defendants' objections to Brimmage's complaint, the Court finds that none support a finding that the complaint fails to state a claim upon which relief can be granted. Moreover, the complaint sufficiently alleges facts that, if taken as true, state a claim that is plausible on its face, and, thereby, meets the pleading requirements. Therefore, Defendants' motion to dismiss is denied and the Defendants are hereby order

to answer the complaint on or before February 11, 2015.